**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HULIN CUI, | No. 07-70399 |
| Petitioner, | Agency No. A097-877-622 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Hulin Cui, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility determination because the IJ made a specific and cogent demeanor finding, *see Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir. 2003), and because the inconsistencies with respect to Cui's detention and employment history were material and go to the heart of his claims, *see Don v. Gonzales*, 476 F.3d 738, 741-43 (9th Cir. 2007). In the absence of credible testimony, Cui's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Cui's CAT claim is based on the same statements found to be not credible, and he does not point to any other evidence in the record that compels the conclusion that it is more likely than not that he would be tortured if returned to China, substantial evidence supports the agency's denial of CAT. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**

07-70399